STATE v. WILLIAM·LOCKE.

*Indictment—Murder—Judge's Charge.*

1. Where on the trial of an indictment for murder, the Court charged the jury "that if they believed the witnesses A, B and C, or *either* of them, the fact of slaying was proved;" *Held*, to be error.

2. It is the exclusive province of the jury to say whether the evidence proves a fact or not; *Therefore*, the Court cannot weigh the evidence and declare the result as a matter of law to the jury.

INDICTMENT for Murder, removed from Rowan and tried at Spring Term, 1877, of DAVIDSON Superior Court, before *Kerr, J.*

The facts necessary to an understanding of the point decided in this Court are sufficiently stated by Mr. Justice FAIRCLOTH. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General* and *Mr. J. M. McCorkle,* for the State.
*Messrs. Shipp & Bailey,* for the defendant.

FAIRCLOTH, J. The defendant was indicted for the murder of one Barringer, and was convicted. There were several witnesses examined who proved that there was a fight taking place between other parties, and the evidence was conflicting in regard to the conduct of the deceased and the prisoner. His Honor charged the jury, that "if they believed the witnesses, Plummer, Livengood and Cully, or either of them, the fact of slaying had been proved," and the prisoner excepted.

The witness Livengood testified as follows: "Prisoner was standing near a fence whittling with his knife; a difficulty arose between Matt. Locke and Tom Hyde; deceased passed by the witness going across the log, prisoner passed

on below witness, going towards the deceased; in a short time he saw prisoner leaving deceased, and saw blood running from the deceased, and the prisoner trotting off for about fifty yards, and then he took off his hat and ran with great speed; the deceased had nothing to do with the fight going on; prisoner approached deceased coolly and slowly, *. * * did not see prisoner after he passed witness, until he saw him running off as before stated."

The case was argued before us on this exception alone; and we sustain the exception. The homicide, of course, is a material fact to be established by proof, and it is the exclusive province of the jury to say, whether the evidence proves the fact or not. Livengood does not say that the prisoner slew the deceased, but only deposes to certain circumstances which might or might not satisfy the jury. His Honor invaded their province by charging the jury, that if they believed Livengood, the fact of slaying is proved. This was weighing the evidence and declaring the result as a matter of law to the jury.

" No Judge, in giving a charge to the petty jury, shall give an opinion whether a fact is fully or sufficiently proven, such matter being the true office and province of the jury, &c." Bat. Rev. ch. 17, § 237.

We have looked carefully through the whole of His Honor's charge, and find nothing to cure the error above designated.

There is error. Let this be certified to the Court below to the end that the case may proceed according to law.

PER CURIAM. *Venire de novo.*