J. H. BENTON, Adm'r of W. A. BENTON v. EDWARD TOLER.

*Evidence—Burden of Proof—Payment—Judge's Charge.*

In an action to recover the amount of certain bonds, found by an administrator among the papers of his intestate, and upon which there were no payments endorsed, the defendant pleaded payment, and offered evidence tending to show that he had made divers payments, some of which were not contested on the trial : *Held,* that while the burden was on the defendant to establish his plea by a preponderance of evidence, it was error in the Court to assume, and so instruct the jury, that the testimony offered to establish the fact of payment was not sufficient in law for that purpose.

CIVIL ACTION, tried before *Whitaker, J.,* at the August Term, 1891, of the Superior Court of JOHNSTON County.

The plaintiff alleged, in substance, that the defendant executed to his intestate four several bonds, set out in the complaint, amounting in the aggregate to $254.45, with interest from the date mentioned, and that at the death of his intestate said bonds were found among his valuable papers with no payments or credits endorsed on either of them, and he demanded judgment for payment of said debt and interest.

The defendant admitted the execution of the notes, but alleged that all, except the note for $25, had been paid. The following was the only issue submitted to the jury:

"What amount, if any, has the defendant paid on the notes set out in the complaint?"

The defendant offered several witnesses in support of his plea; the substance of their testimony is stated in the opinion of the Court.

In reply, the widow of the intestate testified, so far as material to the question before this Court, that the defendant paid one bale of cotton in 1879; that he sometimes sold her husband chickens, for which he was paid cash, as he said the chickens belonged to his wife; that he brought pork three times, but none since the beginning of 1883; that the defendant brought cotton one time only, and that was in 1879; that in January in 1887 the first note had not been paid, or she never knew of any payment; that the pork went on the note, also the lard, some hams in 1882 and 1883, and two cows at $18 each, or $36 for the two, in 1882–'83.

"His Honor instructed the jury that the burden was on the defendant, and having pleaded payment, it was necessary for him to prove it; that in answering the issue submitted to them they might say as much as $96, that is, the $9 as testified to by the witness Lanham, the one bale of cotton at $57 as testified to by the witness Stafford, and the two cows at $18 each, if they were so satisfied by the evidence, but they could not find any greater payment than $96, to which the

defendant excepted." The jury responded to the issue, $96. The defendant moved for a new trial on the ground of error in his Honor's instruction as above stated. The motion was refused, and the defendant appealed.

No counsel for plaintiff.
*Mr. E. W. Pou, Jr., contra.*

DAVIS, J.: The burden of proof of payment was on the defendant, and his Honor instructed the jury that "they could not find any greater payment than $96." If there was any evidence, in the most favorable view of it for the defendant, that more than $96 had been paid, it was a question for the jury, and not for the Court, to say how much had been paid.

It was in evidence that the intestate, the August before he died, sent word to the defendant to come to see him; that he, the defendant, had about paid for his land and he wanted to cancel and give up to Toler his papers.

Fuller testified that sometime before the intestate's death, he told him that the defendant had nearly paid for his land. Thornton testified that the intestate, shortly before his death, said that Toler had nearly paid for his land. The witness Stafford testified to the delivery of one bale of cotton, and the widow of the intestate testified to the delivery of one bale in 1879. Whether there was only one bale delivered was a question for the jury.

The widow of the intestate testified that the defendant brought pork three times and that it went on the note, also the lard and some hams.

It was in evidence, without objection, that Toler said Benton (the plaintiff) would not settle until he swore to his account; that he said that his account against the intestate was upwards of $200, and that he swore to his account. There was evidence, taken in its most favorable aspect for the defendant, tending to show that more than $96 had been

BENTON *v.* TOLER.

paid by him, and though it may be difficult to say just how much was paid, that difficulty is for the jury, and not for the Court. The Court cannot weigh the evidence and declare the result as a matter of law to the jury. *State* v. *Locke*, 77 N. C., 481.

It is too well settled to need citation of authority, that if there was any evidence of a greater payment than $96 it should be left to the jury. Besides competent evidence, the declaration of the defendant was before the jury without objection. and for the purpose of deciding the question before us, it must be taken as competent and true. *Gibbs* v. *Lyon*, 95 N C., 147.

The defendant was illiterate, as it appears upon the face of the record that he used a mark in signing his name. He had executed to the plaintiff's intestate four notes, aggregating $254 48, two of them for $100 each, on the 9th day of February, 1878, for land, payable respectively January 1st, 1880 and 1881. It is in evidence, and not controverted, that the defendant made payments from time to time in cotton, pork, lard, hams and cows, for none of which was credit endorsed on the note, and, if the witnesses are to be believed, the plaintiff's intestate himself said, more than once, shortly before his death, that the defendant had nearly paid for his land, for which the bulk of the debt was created. If it be said that the defendant ought to have taken receipts, may it not be as truly said that the creditor, in whom, it is to be presumed from the facts, he confided, ought to have given credit? If it appear that the debt was nearly all paid, can the debtor get credit for no payment unless he can show just how many dollars and cents were paid, and when? His Honor should have left the question of payment to the jury upon the whole evidence, with proper instructions, and there was error in telling them that they could find a payment of $96, and no more.

Error.